FILED'08 SEP 25 15:58usdc-orp

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-105-1-JO |
| | ) | |
| v. | ) | |
| | ) | ORDER ON REMAND |
| FELIX CARRANZA-RIOS, | ) | |
| | ) | |
| Defendant. | ) | |

William C. Birkett
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

   Attorney for Plaintiff-Appellee

Terry R. Kolkey
LAW OFFICE OF TERRY KOLKEY
2305 C Ashland Street, Suite 510
Ashland, OR 97520

   Attorney for Defendant-Appellant

JONES, Judge:

On September 12, 2008, the Ninth Circuit Court of Appeals remanded this criminal case to permit the district court to consider whether it is appropriate to give the defendant-appellant, Felix Carranza-Rios, the benefit of notice and an opportunity to formally request an extension of time for filing his notice of appeal pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure.

Following the entry of a plea of guilty on April 15, 2008, Carranza-Rios was sentenced on June 16, 2008, to a term of fifty-seven months of imprisonment.[1]  Therefore, he was incarcerated and proceeding *pro se* on July 14, 2008, when he executed the notice of appeal at issue here.  Even giving Carranza-Rios the benefit of the "prison mailbox rule" under Houston v. Lack, 487 U.S. 266 (1988), his filing is outside the ten-day period following the entry of judgment, but falls within thirty calendar days after the expiration of time for filing such notice so that it may be deemed timely if an extension of time is granted.  Attached to his notice of appeal is a brief in which Carranza-Rios complains at length about trial counsel's performance, so that it is apparent to this court that there was a breakdown in the attorney-client relationship.  However, nothing indicating "excusable neglect" is referenced in either the notice or the brief, and it is not clear from the record whether trial counsel's representation continued beyond the date of the sentencing hearing.

Carranza-Rios has newly appointed counsel to assist him with this appeal, so that he is no longer proceeding *pro se*.  I conclude that in the interests of justice, within thirty days of the date of this Order, Carranza-Rios is entitled to file a motion for extension of time to file a notice of

---

[1]The formal Judgment and Commitment Order was entered later, on June 19, 2008.

2 - ORDER

appeal, in which he may make a showing of excusable neglect or good cause. *See* Fed. R. App.

P. 4(b)(4); *see also* United States v. Stolarz, 547 F.2d 108, 111-12 (9th Cir. 1976). "Excusable

neglect" may be established if, while proceeding as a *pro se* prisoner, Carranza-Rios can show

that he did "'all he could under the circumstances' to perfect an appeal within the time prescribed

by the rules." United States v. Houser, 804 F.2d 565, 569 (9th Cir. 1986) (quoting United States

v. Avendano-Camacho, 786 F.2d 1392, 1394 (9th Cir. 1986)); *but see* United States v. Prairie

Pharmacy, Inc., 921 F.2d 211, 213-14 (9th Cir. 1990) (counsel's mistake does not constitute

excusable neglect).

      IT IS SO ORDERED.

      DATED this 23rd day of September, 2008.


                        ROBERT E. JONES
                        U.S. District Judge